Date signed February 26, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

|  |  |  |
|---|---|---|
| IN RE: | : |  |
|  | : |  |
| PAMELA R. STEVENSON | : | Case No. 07-12326PM |
|  | : | Chapter 7 |
| Debtor | : |  |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |  |
| DISTRICT OF COLUMBIA | : |  |
| Plaintiff | : |  |
| vs. | : | Adversary No. 07-0444PM |
|  | : |  |
| PAMELA R. STEVENSON | : |  |
| Defendant | : |  |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |  |

**MEMORANDUM OF DECISION**

Before the court is the Debtor's Motion to Vacate the Entry of Default by the Clerk. This adversary proceeding was filed on June 11, 2007, in two counts based upon a Judgment entered in the Superior Court for the District of Columbia against the Debtor, Pamela R. Stevenson and Wellness & Management Company, Inc., in the sum of $411,141.42. The Judgment arises out of the Debtor's diversion of funds that came into her possession under the Randolph-Sheppard Program. This program provides an opportunity for blind persons to become entrepreneurs by overseeing the operation of vending machines in federal buildings in the District of Columbia. The Defendant filed a timely Motion to Dismiss the Complaint based on its alleged failure to state a cause of action. Thereupon, the Plaintiff filed an Amended Complaint in two counts: (I) under § 523(a)(2) of the Bankruptcy Code, and (II) under § 523(a)(4) of the Bankruptcy Code.

By Order entered October 25, 2007, this court granted the Motion to Dismiss Count I of the Amended Complaint and denied the Motion as to Count II.  Debtor never filed a response to Count II..  On the same date as the hearing on the Motion to Dismiss, October 24, 2007, the court conducted a Pre-Trial Hearing and issued a Scheduling Order that included setting a trial date for June 18, 2008.  Plaintiff filed a Motion for Default Judgment on January 8, 2008, and the Clerk entered a Default as to the Plaintiff on January 16, 2008.  The instant Motion to Reconsider and Vacate the Clerk's Default followed.

The standard for setting aside entries of default appears in the case of *Payne ex rel. Estate of Calzada v. Blake*, 439 F.2d 198, 204-05 (CA4 2006).  The trial court is instructed to "consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."  Examining those factors, the court finds that there is not the slightest hint of a meritorious defense proffered by the Defendant.  Defendant's Memorandum is verbose and multi-faceted, but says nothing of substance.  It criticizes the format of the Amended Complaint and focuses more on default judgments than on the entry of a default alone.  Nearly four months have passed since the denial of the Motion to Dismiss Count II of the Complaint, and the court has not yet seen any of  Defendant's defense, aside from the contention contained in the Motion to Reconsider that the Superior Court's award was not justified.

The Debtor has not diligently prosecuted the underlying bankruptcy case.  Debtor's bankruptcy case was originally filed under Chapter 13.  This was nothing but a waste of time.  Because of the amount of the liquidated claim listed by her in the sum of $411,141.42 held by the District of Columbia, she was an ineligible filer under Chapter 13.  11 U.S.C. § 109(e).  This section has a ceiling for Chapter 13 eligibility of $307,675.00 for non-contingent liquidated unsecured debts.  The fact that the Judgment was "disputed" is of no importance, so long as it was liquidated.  *In re Mazzeo*, 131 F3d 295, 303 (CA2 1997); *In re Knight*, 55 F.3d 231, 234-235 (CA7 1995); *In re Slack*, 187 F.3d 1070 (CA 9 1999).  Debtor's case was converted on her motion to a case under Chapter 7 on May 15, 2007, with a meeting of creditors scheduled originally for June 20, 2007.  At Debtor's request, the meeting was continued to August 8, 2007, and thereafter to September 5, 2007, and further to October 3, 2007.  Throughout this process, through counsel, it has been represented that the Debtor will avail herself of the privilege against self-incrimination.

It is unfortunate for this debtor and others seeking bankruptcy relief that criminal law and bankruptcy law intersect from time to time.  *See generally, Kaufman v. Hurwitz*, 176 F.2d 210 (CA4 1949); *In re Brandenburg*, 2007 WL117391 (BC E.D. Tenn. 2007).  While the Debtor has the right to invoke her privilege against self-incrimination, 11 U.S.C. § 727(a)(6)(C), the court may draw an appropriate adverse inference.  *Baxter v. PalmigianoI,* 425 U.S. 308, 318 (1976); *ePlus Technology, Inc. v. Aboud*, 313 F.3d 166, 183 (CA4 2002).

Unfortunately, there does not appear to be any lessor sanction that can be imposed in this case.  Because of the possible criminal action, the court cannot compel this Defendant to do anything other than respond to non-threatening questions.  The Debtor has been fully advised throughout this proceeding by competent counsel, both on the criminal and on the bankruptcy side.  There comes a time when Debtor must take responsibility for her own actions.  The Motion to Reconsider and Vacate the Clerk's Default will be denied by appropriate order.

**End of Memorandum**

cc:
(1) Peter J. Nickles, Interim Attorney General for the District of Columbia
(2) Pamela Perry, Deputy Attorney General
(3) David Fisher, Chief, Tax, Bankruptcy and Finance Section
(4) Nancy L. Alper, Assistant Attorney General
    Tax, Bankruptcy and Finance Section, 441 4th Street, N.W., Washington, DC 20001

John D. Burns, Esq., 6303 Ivy Lane, Suite 102, Greenbelt, MD 20770
Pamela R. Stevenson, 3406 Dunwood Crossing Drive, Bowie, MD 20721